UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN HALL,

    Plaintiff,

v.                          Case No.:

PLANT CITY MOTORSPORTS, LLC, and
JERROD JAMES MONAGHAN, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN HALL, by and through undersigned counsel, brings this action against Defendants, PLANT CITY MOTORSPORTS, LLC and JERROD JAMES MONAGHAN, in his individual capacity ("Defendants"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

### PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendants operate a motorcycle repair shop in Plant City, in Hillsborough County, Florida.

**GENERAL ALLEGATIONS**

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Defendant PLANT CITY MOTORSPORTS was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant PLANT CITY MOTORSPORTS continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant PLANT CITY MOTORSPORTS was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, Defendant PLANT CITY MOTORSPORTS was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant PLANT CITY MOTORSPORTS exceeded $500,000 per year.

15. Defendant JERROD JAMES MONAGHAN is the owner of PLANT CITY MOTORSPORTS.

16. As part of his duties, Defendant JERROD JAMES MONAGHAN supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff and Members of the Class. Defendant JERROD JAMES MONAGHAN also controlled the payroll practices of PLANT CITY MOTORSPORTS.

17. Through the exercise of dominion and control over all employee-related matters at PLANT CITY MOTORSPORTS, JERROD JAMES MONAGHAN in his individual capacity is also an "employer" within the meaning of the FLSA.

## FACTS

18. Plaintiff began working for Defendants as a repair technician in April 2015, and he continues to work in this capacity.

19. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

20. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

21. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

22. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

23. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

24. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

25. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

    c) An equal amount to Plaintiff's overtime damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

    f) All costs and attorney's fees incurred in prosecuting these claims; and

    g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 11th day of January, 2017.

        Respectfully submitted,

        /s/ Donna V. Smith
        **DONNA V. SMITH**
        Florida Bar Number: 661201
        **WENZEL FENTON CABASSA, P.A.**
        1110 North Florida Avenue
        Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Direct Dial: 813-386-0995
        Facsimile: 813-229-8712
        Email: dsmith@wfclaw.com
        Email: rcooke@wfclaw.com
        **Attorneys for Plaintiff**